**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**CHARLES HENRY SMITH**                                                                                   **PLAINTIFF**

**V.                                           CASE NO.  4:06CV00595 BD**

**MICHAEL J.  ASTRUE,
Commissioner,
Social Security Administration,**[1]                                                                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Henry Smith has appealed the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying him a period of disability and disability insurance benefits under Title II, and denying his claim for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act (the "Act").  For reasons that follow, the decision of the Administrative Law Judge ("ALJ") is reversed, and this matter is remanded for further proceedings.

**I.       Procedural History:**

Plaintiff filed an application for SSI benefits on October 5, 2004, and filed for disability insurance benefits on October 12, 2004.  Plaintiff alleged that he became disabled on March 1, 2004, as a result of hypertension and pain in his back and both knees.  On August 2, 2005, Plaintiff alleged that he suffered from osteoarthritis and obesity, in addition to hypertension and pain in his back and knees.  (Tr. 100)  The ALJ

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007.  He is therefore substituted for Jo Anne B. Barnhart under Fed.R.Civ.P. 25(d)(1).

held a hearing on August 10, 2005, and the Plaintiff appeared with his attorney, Victoria Pike. At the hearing, Plaintiff amended his disability onset date to March 20, 2004. The ALJ did not call a vocational expert ("VE") to testify. On November 9, 2005, the ALJ issued a decision denying Plaintiff benefits. (Tr. 10-16) Plaintiff filed the current Complaint for Review of Decision (docket entry # 1) on May 18, 2005.

## II. Findings of the ALJ:

The ALJ followed the five-step sequential analysis set out in the social security regulations, 20 C.F.R. §§ 404.1520 and 416.920, finding: (1) that Plaintiff had not engaged in substantial gainful activity since the onset of his alleged disability; (2) that he suffered from "severe impairments," as that term is interpreted for purposes of the Social Security Regulations; (3) that Plaintiff did not have an impairment, or combination of impairments, that rose to the level of any impairment listed in Appendix 1 to Subpart P, Regulation No. 4; (4) that his impairments prevented him from performing any of his past relevant work; but (5) that Plaintiff retained the residual functional capacity ("RFC") to perform medium work.[2]

Plaintiff contends that the ALJ's decision should be reversed based on the following: (1) the ALJ erred when rejecting Plaintiff's subjective allegations; (2) the ALJ

---

[2] "Medium work" is defined as work involving the "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

erred by excluding consideration of Plaintiff's obesity contrary to Social Security Ruling 02-1p; and (3) the ALJ's decision was not supported by substantial evidence.

The Defendant argues that the ALJ's decision is supported by substantial evidence because: (1) the ALJ properly considered Plaintiff's alleged obesity; and (2) the ALJ properly evaluated Plaintiff's credibility.

### III.  Legal Analysis:

In reviewing the decision of the ALJ, this Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).  This review function is limited, and the decision of the ALJ must be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision."  *Id*. Evidence that both supports and detracts from the ALJ's decision must be considered, but the decision cannot be reversed "merely because there exists substantial evidence supporting a different outcome."  *Id*.  "Rather, if, after reviewing the record, . . . it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, we must affirm the decision of the [ALJ]."  *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000) (citations and quotations omitted). Thus, the Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is

based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).

A.   **Assessment of Plaintiff's Testimony:**

"If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). In this case, Plaintiff complains that the ALJ erred by rejecting his subjective allegations of disabling pain. The record does not support this argument. According to Plaintiff, he quit his last job because the pain became too great. (Tr. 123) He stated that he has pain in his back and both knees. (Tr. 123) The ALJ acknowledged Plaintiff's subjective complaints of severe back and knee pain and considered these complaints under the guidelines set out in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984). (Tr. 12-13)

In assessing Plaintiff's testimony, the ALJ first reviewed the objective medical evidence in the record. X-rays of Plaintiff's right knee showed normal joint spacing, no effusion, and minimal degenerative change. (Tr. 12, 68) Left knee x-rays showed normal results. (Tr. 12, 67) X-rays of the lumbosacral spine showed minor degenerative osteophytes with no other abnormalities. (Tr. 12, 66-67, 69) Neurological examination results were within normal limits. (Tr. 13) The radiology evidence showed mild to normal findings in the knees and back. (Tr. 13, 66-69) The ALJ acknowledged that

Plaintiff's allegations could not be disregarded solely on the basis of objective medical evidence, and continued under *Polaski*.

After reviewing the objective medical evidence, the ALJ considered Plaintiff's daily activities. Plaintiff reported daily activities of cooking, doing laundry, playing cards, and playing dominos. (TR. 13, 126-127) The ALJ found that Plaintiff's daily activities were inconsistent with his allegations of being able to stand for only ten minutes. (Tr. 13) See, *e.g., Johnston v. Shalala,* 42 F.3d 448 (8th Cir. 1994) (affirming ALJ's discrediting claimant's allegation of disabling pain because applicant could read, watch television and drive, indicating that her ability to concentrate was not affected by pain).

The ALJ next considered Plaintiff's treatment and medication in relation to his alleged pain. The ALJ noted that Plaintiff did not always have his prescriptions filled timely to avoid gaps in treatment. (Tr. 13, 75,79,82) Plaintiff testified that he still suffered significant pain and side effects from his medication, but did not report the side effects to his physicians or request adjustments in medication. (Tr. 13, 74-82) The ALJ was entitled to find Plaintiff's failure to seek medical attention was inconsistent with his subjective complaints of pain. *Benskin v. Bowen*, 830 F.2d 878, 884 (8th Cir. 1987).

Considering the *Polaski* factors, the ALJ determined that Plaintiff's subjective allegations of pain were not fully credible. The ALJ was in the best position to gauge the

credibility of testimony, and those credibility determinations are entitled to some deference. *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002).

B.  **Consideration of Obesity:**

Plaintiff alleges that the ALJ erred by excluding consideration of Plaintiff's obesity by finding it was not a medically determinable impairment. Plaintiff alleges that Social Security Ruling 02-1p mandates a finding of obesity as a medically determinable impairment. Neither the record nor Social Security Ruling 02-1p support this argument.

In a letter addressed to the ALJ one week before the hearing, Plaintiff alleged obesity as a limiting factor for the first time. (Tr. 100-102) The record does not contain any finding of, or reference to, Plaintiff's obesity. The record does reflect that Plaintiff had a body mass index of 31. (Tr. 65,103) However, there is no indication in the record that Plaintiff was exertionally or nonexertionally limited due to his body mass index. Indeed, in his testimony, Plaintiff never mentioned obesity as having had any negative consequences on his ability to function. (Tr. 118-139) Plaintiff's body mass index of 31 placed him at the low end of level I obesity. See S.S.R. 02-1p. Level I obesity is the lowest level of obesity. *Id.* At the time of the hearing, Plaintiff's height and weight placed him approximately 10 pounds into the level I obesity category and 30 pounds from level II obesity. Based on the record, Plaintiff's testimony, and Plaintiff's level of obesity, the ALJ was correct when he did not consider Plaintiff's obesity as a medically determinable impairment of obesity. See *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995)

6

(agreeing with ALJ's determination that the medical record of a Plaintiff with a body mass index of 41, at level III or "extreme" obesity, did not support finding that Plaintiff's obesity was an additional impairment).

C.     **Substantial Evidence in the Record:**

Plaintiff argues that the ALJ's decision was not supported by substantial evidence. The ALJ gave significant weight to the statements provided by Drs. Owens and Davidson, doctors who reviewed the record without examining Plaintiff. (Tr. 13) It appears that the evidence from Drs. Owens and Davidson consisted entirely of one RFC Assessment completed by Dr. Owens and affirmed by Dr. Davidson. (Tr. 92-99) The RFC checklists, although admissible, are generally entitled to little weight in the evaluation of disability. *Taylor v. Chater*, 118 F.3d 1274, 1279 (8th Cir. 1997); see also *Gilliam v. Califano*, 620 F.2d 691, 693 (8th Cir. 1980). In addition, the opinions of doctors who have not examined a claimant ordinarily do not constitute substantial evidence. *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999).

"It is well settled that the ALJ's duty to fully and fairly develop the record includes the responsibility of ensuring that the record includes evidence addressing the alleged impairments at issue from either a treating or examining physician." *Thompson v. Astrue*, 226, F.3d 617, 620 (8th Cir. 2007) (citing *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (holding it improper for ALJ to rely on the opinions of reviewing physicians alone)). At the hearing, counsel for Plaintiff requested that the ALJ leave the record open

7

so that Plaintiff's treating physician could examine him and provide an RFC, or in the alternative, that the ALJ order a consultative examination. (Tr. 137) The transcript is "inaudible" during part of this discussion, though it appears the ALJ considered ordering a consultative examination if Plaintiff's physician was unwilling to provide an RFC. (Tr. 137) On September 15, 2005, Plaintiff's counsel informed the ALJ that the treating physician at the Veterans Administration ("VA") refused to complete the medical source statement. (Tr. 63) Therefore, the record does not contain any evidence from a consultative exam or any treating source statement. In *Nevland*, the Eighth Circuit held that the ALJ did not satisfy his duty to fully develop the record when he relied on the opinions of non-treating, non-examining physicians. *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). In this case, the ALJ purported to reduce the level of Plaintiff's RFC to "incorporate limitations from the musculoskeletal impairment and hypertension." (Tr. 13) It is not clear from the record, however, how much the ALJ reduced the Plaintiff's RFC or what he reduced from.

The only evidence in the record addressing functional capacity, as it relates to Plaintiff's ability to perform in the workplace, is the RFC assessment provided by the non-treating, non-examining physicians. (Tr. 92-99) This RFC assessment found that Plaintiff could perform medium work, and it did not address any reduction for musculoskeletal impairment or hypertension. (Tr. 92-99) The ALJ's recognition of limiting impairments and reliance on the RFC checklist, without evidence from a treating

or examining source of how the recognized impairments affected Plaintiff's RFC, was error.

Though not an issue raised by Plaintiff, the Court also finds error in the ALJ's reliance on the Medical-Vocational Guidelines.  The ALJ properly stated that "[t]he Medical-Vocational Guidelines may be used to direct an unfavorable decision only if the claimant has the exertional residual functional capacity to perform substantially all of the seven primary strength demands required by work at the given level of exertion and there are no nonexertional limitations."  (Tr. 14)  It is also true that "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997) (quoting *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988).  In the present case, however, the ALJ specifically recognized Plaintiff's musculoskeletal impairment and hypertension as limitations on Plaintiff's residual functional capacity.  (Tr. 13)  Hypertension, obesity, and pain are all nonexertional impairments.  See *Evans v. Chater*, 84 F.3d 1054, 1056 (8th Cir. 1996).  As noted, the ALJ properly discounted Plaintiff's allegations of pain and alleged obesity.  This Court believes, however, that the ALJ's failure call a VE to address Plaintiff's limitations due to hypertension, after the ALJ recognized Plaintiff's hypertension as a limiting factor, was error.

9

Plaintiff received a twenty (20%) percent disability rating from the VA for his uncontrollable hypertension. (Tr. 108-110) During one of the hypertension tests, the VA examiner referred Plaintiff to the emergency room due to his uncontrolled blood pressure elevations. The ALJ did not consider, nor did a VE testify, as to how Plaintiff's hypertension would affect his ability to perform medium work during an eight-hour workday.

## IV.   Conclusion:

The ALJ properly considered Plaintiff's allegations of pain and obesity. The record, however, does not contain evidence from a treating or examining physician addressing Plaintiff's musculoskeletal impairment or hypertension. As a result, there is not substantial evidence in the record to support the Commissioner's denial of benefits to Plaintiff. In addition, the record does not contain physician or VE evidence addressing Plaintiff's hypertension. Accordingly, the Commissioner's decision is reversed and the case is remanded to the Commissioner for further review consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 25th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE